John D. Bennett, S.
This is a motion for an order directing the State Comptroller to pay over to the administratrix of a distributee in this estate the sum of $2,330.95. The sum of $2,038.93 was deposited with the Nassau' County Treasurer on February 20,1958 pursuant to an order of this court dated January 29, 1958 for the reason that the said distributee could not be located by the administratrix of this estate. Subsequently in 1964, the County Treasurer paid the said sum, together with interest, in the total amount of $2,330.95 to the State Comptroller, apparently pursuant to the requirements of the Abandoned Property Law.
A hearing having been held, the court determines that John Murphy, the missing distributee in this estate, died intestate on February 18, 1966 in Parkland Hospital, Dallas, Texas; that he was survived by his widow, Celia Murphy, and a son, John J. Murphy; that the said Celia Murphy was duly appointed administratrix of the estate of John Murphy by this court on April 29, 1966, and as such is entitled as administratrix to payment of the said sum due the estate of John Murphy.
The Attorney-General of the State of New York, attorney for the Comptroller of the State of New York, has requested that in the event the court finds that the said sum is due and payable to the estate of John Murphy, any order made herein shall direct payment to be made without interest (Abandoned Property Law, § 1405) and less the statutory service charge of the Comptroller (Abandoned Property Law, § 1407).
The court agrees that funds held by the Comptroller pursuant to the Abandoned Property Law are held without interest. *1057 However, in view of the holding by the Court of Appeals in De Soye v. Kaplan (17 N Y 2d 532, affg. 23 A D 2d 560), the court finds that the Comptroller is not entitled to deduct the usual statutory service charge in this case. The cited case holds that where, as here, funds are deposited with the County Treasurer pursuant to a court order, they may not be deemed abandoned property” within the intendment of the statute (Abandoned Property Law, § 600) which specifically excludes such court-ordered deposits, and that when such funds are subsequently deposited with the State Comptroller by the County Treasurer, such deposit is erroneously made and no statutory service charge is authorized (Abandoned Property Law, § 1404, subd. 4).
The order to be submitted herein, after finding that the estate of John Murphy is entitled to said sum, will direct the State Comptroller to turn over to the administratrix of said estate the sum of $2,330.95, without deduction of the Comptroller’s statutory service charge and without the payment of interest.